**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MONICA M. AGLIORI, | : | CIVIL ACTION |
| Plaintiff, | : | No. |
| v. | : | |
| ALCOA, INC. | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

**COMPLAINT**

Plaintiff, Monica M. Agliori, by and through her counsel, Kunkel & Fink, LLP, files the following Complaint. In support hereof, plaintiff states as follows:

**Jurisdiction and Venue**

1. This action arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et*. seq.; The Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et. seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 216(b); 29 U.S.C. § 2617(a)(2); and 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117.

3. Venue for this action properly lies in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because plaintiff's claims arose in this judicial district.

**Exhaustion of Administrative Remedies**

4. Plaintiff has satisfied all of the procedural and administrative requirements set forth in the ADA, ADEA and Title VII, 42 U.S.C. § 12117(a); 42 U.S.C. 2000e-5 and 29 U.S.C. § 626(d), in that:

   a) Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability, gender, and age discrimination and retaliation on May 14, 2010 and dual-filed with the Pennsylvania Human Relations Commission;

   b) Plaintiff received a Notice of Right to Sue from the EEOC dated February 25, 2011; and

   c) This action was filed with this Court within 90 days of plaintiff's receipt of the Notice of Right To Sue letter.

**Parties**

5. Plaintiff, Monica M. Agliori, is an adult female individual residing at 18 Clifton Boulevard, Pittsburgh, Allegheny County, Pennsylvania.

6. Alcoa, Inc. ("Alcoa") is a corporation doing business at 201 Isabella Street, Pittsburgh, Allegheny County, Pennsylvania.

**Factual Background**

7. Plaintiff was employed by Alcoa from April 15, 1985 until she was discharged on November 17, 2009. The last position that plaintiff held was Credit and Collections Specialist and she worked at Alcoa's administrative offices located in Pittsburgh, Pennsylvania.

8. During approximately 24 years of employment with Alcoa, plaintiff's job performance was considered satisfactory or above satisfactory except for times that plaintiff was forced to miss work due to her disabilities or injuries.

9. On those occasions when she was forced off work due to an illness or injury, plaintiff always followed Alcoa's policies and procedures and was typically approved for Short Term Disability ("STD") leave.

10. Although plaintiff always fully complied with Alcoa's leave policies, plaintiff's supervisors criticized her work performance each time that plaintiff was forced to take an extended leave.

11. For example, plaintiff was off work from July 13, 2007 through October 15, 2007 as a result of injuries that plaintiff suffered to her neck and back due to a motor vehicle accident. After she returned to work, plaintiff's supervisor made negative comments concerning the time plaintiff missed from work and made unjustified criticisms of plaintiff's work performance.

12. Plaintiff, nevertheless, received positive performance evaluations for 2008 and in February 2009.

13. Plaintiff also suffers from multiple disabling conditions including morbid obesity; hypertension; borderline diabetes; mitral valve prolapse; obstructive sleep apnea; anxiety and chronic low back pain. These conditions substantially limit plaintiff in one or more major life activities including, but not limited to, sleeping, eating, and caring for herself. Further, plaintiff's disabilities substantially limit the operation of the several of plaintiff's major bodily functions including, digestive, bowel, circulatory, and endocrine functions.

14. Due to complications related to her weight, plaintiff underwent gastric band surgery on May 9, 2009 in an effort to lose weight and treat her underlying disabilities. Plaintiff was off work from May 4, 2009 through June 17, 2009 to recuperate from the surgery.

15. Plaintiff attempted to return to work on June 17 and June 18, 2009 but had to be taken to the UPMC Mercy Hospital Emergency Room on June 18, 2009 due to severe pain that she began to experience in her abdomen and rectal area.

16. Plaintiff was subsequently diagnosed with a Colo-vaginal Fistula and underwent surgery on July 15, 2009 at UPMC Mercy Hospital. Plaintiff was off work from June 19, 2009 through September 13, 2009 to recuperate from the surgery. At all times, plaintiff fully complied with Alcoa's leave policies in requesting time off from work.

17. Following her return to work in September 2009, plaintiff was planning to attend a Flow Path Meeting with members of her group. Before the meeting started, plaintiff learned that a male co-worker was planning on wearing a wig, makeup, a sundress a woman's hat, and high heel shoes because he had lost a bet. When plaintiff asked about the bet, she was informed that the bet had something to do with her and when she would be returning to work. Plaintiff felt extremely embarrassed that a male co-worker was wearing makeup, high heel shoes and a sundress at the meeting because of bet that related in some way to her need for medical leave and asked to be excused from attending. Plaintiff later learned that pictures were taken of the male co-worker and distributed to senior management.

18. On September 16, 2009, just two days after plaintiff returned to work from medical leave, Alcoa issued plaintiff a written Performance Improvement Plan ("PIP") claiming that her performance was "below expectations" and warning that immediate improvement was expected within the next thirty days. Although plaintiff disagreed with the criticisms in the PIP, she followed through with the performance goals pursuant to the PIP.

19. Plaintiff's Functional Manager, Tricia Demarco, and her Team Lead, Crystal Freiters, repeatedly asked plaintiff how she felt after she returned from her medical leave. When

plaintiff later requested to take a vacation day to see a specialist concerning the results of some of her blood work, Freitiers and Demarco denied her request and instructed her to make her time up. Plaintiff again requested to take a vacation day after she discovered a lump in her breast and her doctor recommended additional testing and possibly a biopsy. Again, Freiters and Demarco denied plaintiff's request and instructed her that she had to make up any missed time from work.

20. Although plaintiff was denied the use of a vacation day to get additional testing, Freiters and Demarco constantly asked her about the results of the testing. Plaintiff subsequently contacted Nedine Hunter from Alcoa's Human Resources Department to complain about Freiters and Demarco's conduct, but Hunter informed her that it was normal procedure at Alcoa to make sure that an employee was physically and/or mentally stable before termination or taking disciplinary action.

21. Plaintiff met on a weekly basis with her direct supervisor, Crystal Freitiers, and either Tricia Demarco, the Functional Manager, or Armand Buzzelli, Manager of North American & European Req-to-Pay Operations, or Nedine Hunter, HR Representative, to discuss her progress under the PIP.

22. A final meeting to discuss plaintiff's progress under the PIP was scheduled and then cancelled. Instead of meeting to review plaintiff's overall progress toward completion of her goals, plaintiff was summoned to a conference room on November 17, 2009 where a security guard was posted.

23. At that time, Armand Buzzelli informed plaintiff that she was being terminated from her position. When plaintiff asked why she was being terminated before her final review, Buzzelli stated that she had her chance and failed.

24. After twenty-four years of service, plaintiff was presented with a severance agreement and then Buzzelli escorted her to her desk to collect her personal belongings. Plaintiff was then escorted out of the building.

25. Plaintiff was born on July 20, 1963 and was 46 years old at the time of her discharge.

## Count I
## The Family Medical Leave Act
## Interference With FMLA Protected
## Rights in Violation of 29 U.S.C. § 2615(a)(1)

26. The allegations set forth in paragraphs 1 through 25 of the Complaint are incorporated herein as if fully set forth.

27. At all times relevant to this Complaint, Alcoa was an employer within the meaning of 29 U.S.C. § 2611(4)(A).

28. Plaintiff was an eligible employee of Alcoa within the meaning of 29 U.S.C. § 2611(2)(a) at all times relevant to this Complaint.

29. From on or before May 2009 through the termination of her employment on November 17, 2009, plaintiff was suffering from morbid obesity; hypertension; borderline diabetes; mitral valve prolapse; obstructive sleep apnea; anxiety and chronic low back pain, chronic conditions which requires periodic treatment by a health care provider. Following gastric band surgery for treatment of her chronic serious health conditions, plaintiff developed a Colo-vaginal Fistula and underwent surgery on July 15, 2009 at UPMC Mercy Hospital. Plaintiff, therefore, suffers from serious health conditions within the meaning of 29 U.S.C. § 2611(11).

30. Alcoa interfered with plaintiff's right to FMLA leave in violation of 29 U.S.C. § 2615(a)(1) by terminating plaintiff's employment to prevent her from taking FMLA-protected leave; by subjecting plaintiff to unwarranted discipline because she requested FMLA protected leave; and by failing to restore plaintiff to her position after she returned from FMLA qualifying leave.

31. As a direct and proximate result of Alcoa's conduct, plaintiff suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

32. In discharging the plaintiff, Alcoa acted intentionally or with reckless indifference to plaintiff's rights secured by the FMLA, and thus Alcoa's conduct constitutes a willful violation of the FMLA.

WHEREFORE, plaintiff prays that this Court:

a) Declare Alcoa's conduct to be in violation of the FMLA;

b) Enjoin Alcoa from engaging in such conduct;

c) Order Alcoa to reinstate plaintiff retroactive to November 17, 2009 and/or in lieu of reinstatement, award plaintiff appropriate front pay;

d) Order Alcoa to pay back salary and other compensation found to be due and owing, with interest thereon from the date such amounts became due, and an equal amount in liquidated damages;

e) Award counsel for the plaintiff appropriate fees and expenses; and

f) Award plaintiff such further and additional relief as the Court may deem just and proper.

## Count II
## The Family Medical Leave Act
## Discrimination/Retaliation in Violation of 29 U.S.C. § 2615(a)(2)

33. The allegations set forth in paragraphs 1 through 32 of the Complaint are incorporated herein as if fully set forth.

34. Alcoa retaliated against the plaintiff when it discharged her for requesting FMLA-protected leave in violation of 29 U.S.C. § 2615(a)(2).

35. As a direct and proximate result of Alcoa's conduct, plaintiff suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

36. In discharging the plaintiff, Alcoa acted intentionally or with reckless indifference to plaintiff's rights secured by the FMLA, and thus Alcoa's conduct constitutes a willful violation of the FMLA.

WHEREFORE, plaintiff prays that this Court:

a) Declare Alcoa's conduct to be in violation of the FMLA;

b) Enjoin Alcoa from engaging in such conduct;

c) Order Alcoa to reinstate plaintiff retroactive to November 17, 2009 and/or, in lieu of reinstatement, award plaintiff appropriate front pay;

d) Order Alcoa to pay back salary and other compensation found to be due and owing, with interest thereon from the date such amounts became due, and an equal amount in liquidated damages;

e) Award counsel for the plaintiff appropriate fees and expenses; and

f) Award plaintiff such further and additional relief as the Court may deem just and proper.

### Count III
### Disability Discrimination in Violation of the ADA

37. The allegations set forth in paragraphs 1 through 36 of the Complaint are incorporated herein as if fully set forth.

38. Alcoa is an employer within the meaning of 42 U.S.C. § 12111(5).

39. Plaintiff has suffers from a disability or disabilities within the meaning of 42 U.S.C. § 12102(2).

40. Alcoa perceived plaintiff as an individual with a disability within the meaning of 42 U.S.C. § 12102(2)(C). For example, Alcoa perceived plaintiff as having a disability because she had to take medical leaves on occasion due to her medical conditions even though plaintiff always complied with Aloca's policies and procedures when she called off work.

41. Plaintiff is qualified to perform the essential functions of the position of Credit and Collections Specialist and is a qualified individual with a disability.

42. Alcoa discriminated against the plaintiff because of plaintiff's disabilities by subjecting and/or threatening plaintiff with unwarranted discipline for requesting medical leaves of absence as a reasonable accommodation, by refusing to provide plaintiff with a reasonable accommodation and/or refusing to engage in the interactive process under the ADA in violation of 42 U.S.C. § 12112, and by discharging plaintiff because of her disabilities on November 17, 2010.

43. Plaintiff is now suffering and will continue to suffer lost wages and other economic benefits of her employment with Alcoa, and mental anguish and humiliation as a result of the unlawful conduct of Alcoa.

44. Alcoa's conduct was outrageous, reckless, willful and oppressive and in complete disregard of the rights of the plaintiff.

      WHEREFORE, plaintiff respectfully prays that this Court:

a)     Declare Alcoa's conduct to be in violation of the ADA;

b)     Enjoin Alcoa from engaging in such conduct;

c)     Order Alcoa to reinstate plaintiff retroactive to November 17, 2010 to her prior position or, in lieu of reinstatement, order appropriate front pay and benefits;

d)     Order Alcoa to pay back salary, benefits, and other compensation found by the Court to be due and owing, together with interest thereon from the date such amounts became due;

e)	Award appropriate compensatory and punitive damages;

f)	Award counsel for the plaintiff appropriate fees and expenses; and

g)	Award plaintiff such further and additional relief as the Court may deem just and proper.

## Count IV
### Retaliation in Violation of the ADA

45.	The allegations set forth in paragraphs 1 through 44 of the Complaint are incorporated herein as if fully set forth.

46.	Plaintiff notified Alcoa that she was undergoing gastric band surgery to treat her disabilities and that she had developed Colo-vaginal Fistula.

47.	Plaintiff had a good faith belief that she had a disability within the meaning of the ADA and that she was entitled to a reasonable accommodation.

48.	Plaintiff made a good faith request for a reasonable accommodation by requesting time off work when she experienced symptoms related to her disability and needed time off of work to receive treatment for her disabilities and to recuperate from surgery.

49.	Alcoa retaliated against plaintiff for requesting leave due to her disability.

50.	Plaintiff engaged in protected activity under the ADA when she made the foregoing good faith requests for a reasonable accommodation.

51.	Alcoa subjected plaintiff to unwarranted discipline for requesting a reasonable accommodation in the form of a medical leave and discharged plaintiff in retaliation for requesting a reasonable accommodation under the ADA in violation of 42 U.S.C. § 12203.

52.	Plaintiff is now suffering and will continue to suffer lost wages and other economic benefits of her employment with Alcoa, as well as mental anguish and humiliation as a result of the unlawful conduct of Alcoa.

53. Alcoa's conduct was outrageous, reckless, willful and oppressive and in complete disregard of the rights of the plaintiff.

WHEREFORE, plaintiff respectfully prays that this Court:

a) Declare Alcoa's conduct to be in violation of the ADA;

b) Enjoin Alcoa from engaging in such conduct;

c) Order Alcoa to reinstate plaintiff retroactive to November 17, 2010 to her prior position or, in lieu of reinstatement, order appropriate front pay and benefits;

d) Order Alcoa to pay back salary, benefits, and other compensation found by the Court to be due and owing, together with interest thereon from the date such amounts became due;

e) Award plaintiff appropriate compensatory and punitive damages;

f) Award counsel for the plaintiff appropriate fees and expenses; and

g) Award plaintiff such further and additional relief as the Court may deem just and proper.

## Count V
## Gender Discrimination in Violation of Title VII

54. The allegations set forth in paragraphs 1 through 53 of the Complaint are incorporated herein as if fully set forth.

55. Plaintiff's gender is female and after twenty-four years of service with Alcoa was qualified for the position of Credit and Collections Specialist.

56. Alcoa is an employer as defined in 42 U.S.C. § 2000e(b).

57. During her employment with Alcoa, plaintiff was frequently passed over for promotions as Alcoa promoted less-qualified male employees over the plaintiff.

58. Alcoa's management also condoned an all-boys atmosphere in the workplace. For example, on one occasion, Alcoa management condoned a male employee wearing makeup, a sundress, high heel shoes and a woman's hat to an employee meeting while later claiming that the stunt was meant to help raise money for a charity. Plaintiff was also frequently excluded from social activities outside of work that only male employees were invited to participate in.

59. Alcoa discharged plaintiff because of her gender, female, in violation of Title VII.

60. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages due to Alcoa's discriminatory conduct.

WHEREFORE, plaintiff respectfully prays that this Court:

a) Declare Alcoa's conduct to be in violation of the Title VII;

b) Enjoin Alcoa from engaging in such conduct;

c) Order Alcoa to reinstate plaintiff retroactive to November 17, 2010 to her prior position or, in lieu of reinstatement, order appropriate front pay and benefits;

d) Order Alcoa to pay back salary, benefits, and other compensation found by the Court to be due and owing, together with interest thereon from the date such amounts became due;

e) Award appropriate compensatory and punitive damages;

f) Award counsel for the plaintiff appropriate fees and expenses; and

g) Award plaintiff such further and additional relief as the Court may deem just and proper.

### Count VI
### Violation of the ADEA

61. The allegations set forth in paragraphs 1 through 60 of the Complaint are incorporated herein as if fully set forth.

62. Alcoa is an employer within the meaning of 29 U.S.C. § 630(b).

63. Plaintiff was born on July 20, 1963 and was 46 years old at the time of her discharge. Plaintiff is, therefore, within the class of individuals protected by the ADEA.

64. Alcoa discharged plaintiff because of her age, 46, in violation of the ADEA.

65. In discharging the plaintiff, Alcoa acted intentionally or with reckless indifference to plaintiff rights secured by the ADEA, and thus Alcoa's conduct constitutes a willful violation of the ADEA.

WHEREFORE, plaintiff prays that this Court:

a) Declare Alcoa's conduct to be in violation of the ADEA;

b) Enjoin Alcoa from engaging in such conduct;

c) Order Alcoa to reinstate plaintiff retroactive to November 17, 2009 and/or, in lieu of reinstatement, award plaintiff appropriate front pay;

d) Order Alcoa to pay back salary and other compensation found to be due and owing, with interest thereon from the date such amounts became due, and an equal amount in liquidated damages;

e) Award counsel for the plaintiff appropriate fees and expenses; and

f) Award plaintiff such further and additional relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Case 2:11-cv-00685-AJS   Document 1   Filed 05/23/11   Page 14 of 14

14

                                      **KUNKEL & FINK LLP**

                                */s/ Gregory T. Kunkel*
                                Gregory T. Kunkel
                                Pa. I.D. No 58027

                                Brentwood Professional Bldg.
                                4411 Stilley Road, Suite 206
                                Brentwood, PA 15227
                                (412) 885-3880
                                E-Mail:  greg.kunkel@verizon.net

                                Counsel for Plaintiff

14